IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BRADLEY D. FULLER,**            CASE NO. 3:22 CV 197

    Plaintiff,

    v.                                    JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                     **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Jon H. Ressler, counsel for Plaintiff Bradley D. Fuller, has moved for approval of payment of attorney's fees, in the amount of $18,646.00, pursuant to 42 U.S.C. § 406(b)(1). (Doc. 20).[1] The Commissioner responded, stating he neither supports nor opposes the request. (Doc. 21). For the reasons discussed below, the Court grants the Motion.

### DISCUSSION

Under 42 U.S.C. § 406(b)(1), the Court may allow payment of a reasonable attorney fee, not to exceed 25 percent of the total past-due benefits to which the Plaintiff is entitled. Plaintiff signed a contract with counsel which entitled counsel to 25 percent of the past-due benefits. (Doc. 19-1). Within the 25 percent boundary, the attorney for a successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 804, 807 (2002). The statutory percentage of 25 percent is a benchmark in determining whether the fees requested are reasonable. *See Rodriquez v. Bowen*,

---

1. Attorney Ressler of the firm Roose & Ressler submitted the fee petition; two other attorneys at this law firm, Mary Meadows and Melissa Kunder, performed the underlying legal services. *See* Doc. 19-4.

865 F.2d 739, 746 (6th Cir. 1989). If a contingency agreement "states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Id.*

Deductions for large fees are permissible in two situations: (1) misconduct or ineffectiveness of counsel; or (2) where counsel would otherwise enjoy a windfall because of either an inordinately large benefit award, or minimal effort expended. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). A windfall can never occur when "the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. That is, the Sixth Circuit has "set a 'floor'" for the analysis of the effective hourly rate reasonableness analysis. *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (quoting *Hayes*, 923 F.2d at 422). If a "calculated hourly rate" (i.e., effective rate) is "less than twice the standard rate for such work in the relevant market," then it is "*per se* reasonable" and "a district court has no basis for questioning" it. *Hayes*, 923 F.2d at 422; *see also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). But if a calculated hourly rate is equal to or more than "twice the standard rate[,]" "then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee." *Hayes*, 923 F.2d at 422. Still, the higher fee "may well be reasonable." *Id.* While counsel is not required to seek less than the 25 percent contingency fee, a discounted fee is relevant to the reasonableness determination. *See, e.g.*, *Willis v. Comm'r of Soc. Sec.*, 2014 WL 2589259, at *5 (S.D. Ohio) (collecting cases).

Here, Plaintiff was awarded past benefits, dating back to December 2019, in an amount of $134,584 ($117,516 + $17,068). *See* Doc. 19-2, at 3, Doc. 19-3, at 5. Of this, the agency

2

withheld 25 percent, or $33,646 ($29,379 +$4,267). *See* Doc. 19-2, at 3, Doc. 19-3, at 5.[2] Plaintiff's counsel has provided the fee agreement with Plaintiff, entitling counsel to 25 percent of all past due benefits. (Doc. 19-1). Plaintiff's counsel has also provided attorney timesheets indicating two attorneys spent 28.6 hours litigating this case in federal court. (Doc. 19-4). These attorneys also attest that their usual hourly rates are $325 per hour (Kunder) and $350 per hour (Meadows). *Id.*

Plaintiff's counsel requests an award under 42 U.S.C. § 406(b)(1) of $18,646. (Doc. 19, at 2). Courts within the Northern District of Ohio "have found an hourly rate of $350 to be reasonable and not excessive." *Britton v. Comm'r of Soc. Sec.*, 2018 WL 4335595, at *1 (N.D. Ohio); *see also Chorak v. Comm'r of Soc. Sec.*, 2024 WL 1611482, at *3 (N.D. Ohio) ("Here, doubling the $350 hourly rate this Court has determined to be is appropriate results in an hourly rate of $700 per hour."). And Courts within the Sixth Circuit have found "20 to 30 hours is the normal range of time spent on the mine-run Social Security appeal." *Vandenboom v. Comm'r of Soc. Sec.*, 2022 WL 18587036, at *1 (W.D. Mich.) (collecting cases).

Here, dividing the requested fee award ($18,646) by the hours expended (28.6) results in an hourly rate of $651.96. This is "less than twice the standard rate for such work in the relevant market[,]" here, $700; it is therefore "*per se* reasonable" and the Court "has no basis for questioning" it. *Hayes*, 923 F.2d at 922. Further, the Court notes that counsel's request for $18,646, amounts to approximately fourteen percent of past-due benefits.

Moreover, there have been no allegations, nor has the Court found any instances, of improper conduct or ineffectiveness of counsel which would cause the Court to reduce the

---

2. Counsel notes that the agency inadvertently released to counsel the 25 percent withheld on the auxiliary claim ($4,267) and states that it is holding that money in trust pending its fee request approval. (Doc. 19, at 2).

3

amount of the requested fees. To the contrary, Plaintiff was well represented by counsel in this case, and while counsel achieved a large past due benefit award for Plaintiff, the requested attorney fee award is not inordinately large or a windfall. *See Hayes*, 923 F.2d at 420-21 (counsel may be found to "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended.") (citation modified). Accordingly, the Court finds that counsel has satisfied the burden of demonstrating the reasonableness of the requested fee.

As a final matter, when attorney's fees are awarded under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and 42 U.S.C. § 406(b) (as is the case here), the attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation modified); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) (noting attorneys are "prohibit[ed] . . . from collecting both EAJA fees and § 406(b) fees in the same case"); *Drake v. Comm'r of Soc. Sec.*, 2016 WL 492704, *2 (E.D. Mich.) ("The EAJA Savings Provision thus prevents an attorney from obtaining a 'double recovery' under the EAJA and Section 406(b) for the same work."). Thus, upon the Court's grant of the § 406(b) motion, counsel must return to Plaintiff the $6,200 in EAJA fees previously awarded by the Court. *See* Doc. 18.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that counsel's Motion for Allowance of Attorney Fee Under the Social Security Act (Doc. 19) be, and the same hereby is, GRANTED in the amount of $18,646.00 (Eighteen Thousand Six Hundred Forty Six Dollars); and it is

5

FURTHER ORDERED that counsel shall refund to Plaintiff the attorney fees in the amount of $6,200.00 (Six Thousand Two Hundred Dollars) previously awarded under the EAJA (Doc. 18).

      s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2025